UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| RYAN L. FISEL, | ) |
| | ) |
| Plaintiff, | ) |
| | ) CAUSE NO.  3:07-CV-561 PS |
| v. | ) |
| | ) |
| JOE CUTLER, *et al.,* | ) |
| | ) |
| Defendants. | ) |

## **OPINION AND ORDER**

Ryan L. Fisel, a *pro se* prisoner, submitted a complaint under 42 U.S.C. § 1983.. 2000). Pursuant to 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. Fed. R. Civ. P. 12(b)(6) provides for the dismissal of a complaint, or any portion of a complaint, for failure to state a claim upon which relief can be granted. Courts apply the same standard under § 1915A as when addressing a motion under Rule 12(b)(6). *Lagerstrom v. Kingston*, 463 F.3d 621, 624 (7th Cir. 2006).

> In order to state a cause of action under 42 U.S.C. § 1983, . . . the plaintiff must allege that some person has deprived him of a federal right [and] . . . he must allege that the person who has deprived him of the right acted under color of state law. These elements may be put forth in a short and plain statement of the claim showing that the pleader is entitled to relief. Fed. R. Civ. P. 8(a)(2). In reviewing the complaint on a motion to dismiss, no more is required from plaintiff's allegations of intent than what would satisfy Rule 8's notice pleading minimum and Rule 9(b)'s requirement that motive and intent be pleaded generally.

*Alvarado v. Litscher*, 267 F.3d 648, 651 (7th Cir. 2001) (citations, quotation marks and ellipsis omitted).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the

claim showing that the pleader is entitled to relief." Specific facts are not necessary; the statement need only "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S.___ , ___, 127 S. Ct. 1955 (2007) (quotation and citation omitted); *Erickson v. Pardus*, 550 U.S. ___, ___ ; 127 S. Ct. 2197, 2200 (2007).

While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the "grounds" of his "entitlement to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact). *Bell Atl. Corp.*, 127 S. Ct. at 1964-65 (quotation marks, ellipsis, citations and footnote omitted).

> While, for most types of cases, the Federal Rules eliminated the cumbersome requirement that a claimant set out in detail the facts upon which he bases his claim, Rule 8(a)(2) still requires a "showing," rather than a blanket assertion, of entitlement to relief. Without some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirement of providing not only "fair notice" of the nature of the claim, but also "grounds" on which the claim rests.

*Id*. at n.3 (quotation marks and citation omitted).

Nevertheless, a document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers. *Cf.* Fed. Rule Civ. Proc. 8(f) ("All pleadings shall be so construed as to do substantial justice"); *Erickson v. Pardus*, 550 U.S.___ , ___ ; 127 S. Ct. 2197, 2200 (2007) (quotation marks and citations omitted).  However, "on a motion to dismiss, courts are not bound to accept as true a legal conclusion couched as a factual allegation." *Bell Atl. Corp.*,

127 S.Ct. at 1965, citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986) (quotation marks omitted). Apparently during his arrest, on October 11, 2005, Fisel charges that Fort Wayne police officer, Joe Cutler, used excessive force against him.  He also named as defendants a second police officer and a former police chief; Fisel claims both were "aware" that excessive force was used. (DE #1, ¶ V.)  Fisel signed the complaint on November 14, 2007. (DE #1, ¶VI)

Because there is no federal statute of limitations for 42 U.S.C. § 1983 actions, courts apply the most appropriate state statute of limitations.  For purposes of determining the applicable state statute of limitations, § 1983 claims are considered as personal injury claims. *Wilson v. Garcia*, 471 U.S. 261 (1985). The Indiana statute of limitations applicable to personal injury claims, and thus §1983 actions, is the two-year period found in IND. CODE  § 34-11-2-4. *Campbell v. Chappelow*, 95 F.3d 576, 580 (7th Cir. 1996).

Based on the October 11, 2005, date Fisel cites as the one when the acts complained of took place, the statute of limitations to bring suit expired on October 11, 2007, slightly more than a month before the complaint was signed.

Therefore, this complaint is **DISMISSED** pursuant to 28 U.S.C. § 1915A.

**SO ORDERED**.

ENTERED: November 29, 2007

s/ Philip P. Simon<br>
PHILIP P. SIMON, JUDGE<br>
UNITED STATES DISTRICT COURT